UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:24-cv-09848-CAS(PDx) | Date | January 27, 2025 |
|---|---|---|---|
| Title | Teri Weiser v. Staples the Office Superstore et al | | |

Present: The Honorable **CHRISTINA A. SNYDER**

| Catherine Jeang | Terri Hourigan | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:  Attorneys Present for Defendants:

Trevor Moran  Tritia Murata

**Proceedings:**   MOTION TO REMAND (Dkt. 19, filed on December 13, 2024)

### I.   INTRODUCTION

On October 15, 2024, plaintiff Teri Weiser ("plaintiff") filed suit in Los Angeles Superior Court against defendants Staples the Office Superstore LLC, Staples Contract & Commercial LLC, Staples Inc., and Does 1 through 50 (collectively "defendants") asserting nine claims for relief: (1) Unlawful Business Practices (Cal. Bus. and Prof. Code §§ 17200); (2) Failure to Pay Minimum Wages (Cal. Lab. Code §§ 1194, 1197, 1197.1); (3) Failure to Pay Overtime Compensation (Cal. Lab. Code § 510); (4) Failure to Provide Required Meal Periods (Cal. Lab. Code §§ 226.7, 512); (5) Failure to Provide Required Rest Periods (Cal. Lab. Code §§ 226.7, 512); (6) Failure to Provide Accurate Itemized Statements (Cal. Lab. Code § 226); (7) Failure to Reimburse Employees for Required Expenses (Cal. Lab. Code § 2802); (8) Failure to Pay Wages When Due (Cal. Lab. Code §§ 201, 202, 203); and (9) Failure to Pay Sick Wages (Cal. Lab. Code §§ 201-203, 233, 246).  Dkt. 1-1 ("Compl.").[1]

---

[1] Defendants request judicial notice of the online dockets of three cases transferred to this Court as related cases.  Dkt. 24 ("RJN"), Exh. 1-3.  These are Alissa Torres v. Staples the Office Superstore, LLC et al, 24-cv-01352-CAS (PD), Kristofer Giordani v. Staples the Office Superstore, LLC et al, 24-cv-02224-CAS (PD), and Maraya Lumadue v. Stapes the Office Superstore, LLC et al, 25-cv-00028-CAS (PD).  The Court finds that judicial notice of these online dockets for their existence, but not for the truth of the matters asserted therein, is proper pursuant to Federal Rule of Evidence 201.  However, the Court

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:24-cv-09848-CAS(PDx) | Date | January 27, 2025 |
|---|---|---|---|
| Title | Teri Weiser v. Staples the Office Superstore et al | | |

On November 14, 2024, defendants removed the case to federal court on the basis of Class Action Fairness Act ("CAFA") jurisdiction. Dkt. 1 ("Notice of Removal").

On December 13, 2024, plaintiff filed the instant motion to remand the case to Los Angeles Superior Court. Dkt. 19 ("Mot."). On January 6, 2025, defendants filed their opposition to plaintiff's motion to remand. Dkt. 23 ("Opp."). The same day, defendants filed a request for judicial notice in support of their opposition. RJN. On January 13, 2025, plaintiff filed her reply. Dkt. 25 ("Reply").

On January 27, 2025, the Court held a hearing. Having carefully considered the parties' arguments and submissions, the Court finds and concludes as follows.

## II.     BACKGROUND

Plaintiff alleges that she was employed by defendants in California from January 2019 to August 2024 and was classified as a non-exempt, hourly employee, entitled to meal and rest breaks and minimum and overtime wages for all hours worked. Compl. ¶ 6. Plaintiff brings this action on behalf of herself and a class made up of individuals previously employed by defendants as non-exempt employees at any time during the period beginning four years prior to her filing of the complaint and ending on a date to be determined by the Court. Id. ¶ 7. Plaintiff alleges that defendants maintained a policy and practice of failing to compensate these employees. Id. ¶ 8. Plaintiff also seeks to represent a California Labor Sub-Class for the Second through Ninth causes of action, which she defines as members of the California Class previously employed by defendants as non-exempt employees any time during the three year period before the filing of her complaint and ending as determined by the Court. Id. ¶ 38.

Plaintiff alleges a number of ways in which defendants failed to pay class members for all hours worked including requiring work while clocked out for what were supposed to be required meal breaks, rounding down actual time worked, and requiring off the clock temperature checks and COVID-19 screening questionnaires prior to clocking in. Id. ¶ 11. Plaintiff claims that these practices resulted in her and other class members forfeiting minimum wage, overtime wages, and off-duty breaks by working without their time being properly recorded and without being compensated at the applicable rates. Id.

---

does not rely on any of the information on these dockets in reaching its conclusion in this order.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                'O'

| Case No. | 2:24-cv-09848-CAS(PDx) | Date | January 27, 2025 |
|---|---|---|---|
| Title | Teri Weiser v. Staples the Office Superstore et al | | |

Plaintiff alleges that it was defendants' policy and practice not to pay plaintiff and other class members for all time worked. Id.

Plaintiff contends that another aspect of compensation during her employment was defendants' non-discretionary incentive program which paid plaintiff and other class members incentive wages based on performance goals. Id. ¶ 13. Plaintiff claims that "when calculating the regular rate of pay in order to pay overtime and meal and rest break premiums to [plaintiff] and other [class m]embers, [defendant] failed to include the incentive compensation as part of the employees' 'regular rate of pay' for purposes of calculating overtime pay and meal and rest break premium pay." Id. Plaintiff asserts that this practice resulted in underpayment. Id.

Plaintiff alleges that due to demanding work schedules, class members were sometimes unable to take thirty-minute meal breaks or were not fully relieved of duty during those breaks. Id. ¶ 14. At times, plaintiff contends, she and other class members were forced to work more than five hours during a shift without a meal break, or ten hours without a second meal break. Id. Plaintiff claims that defendants also rounded meal period times to avoid paying penalties. Id. Plaintiff also alleges that defendants at times failed to provide requisite rest breaks and maintained a rule that plaintiff and other class members could not leave the premises during their rest periods. Id. ¶ 15.

Plaintiff claims that defendants failed to provide her and other class members accurate wage statements, and that those provided failed to show, among other things, correct gross and net wages earned. Id. ¶ 17. Plaintiff specifies that the wage statements failed to identify the accurate total hours worked each pay period. Id.

Plaintiff alleges that defendants underpaid sick wages to her and other class members by failing to pay such wages including the non-discretionary compensation and instead paying at the regular rate of pay. Id. ¶ 18.

As a result of defendants' failure to pay correct wages, plaintiff asserts, defendants owe waiting time penalties. Id. ¶ 21. Plaintiff alleges that defendants made unlawful deductions from compensation paid to her and other class members and failed to disclose all aspects of those deductions, thus resulting in a failure to pay all wages due in each pay period and upon termination. Id. ¶ 22.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL                'O'

| Case No. | 2:24-cv-09848-CAS(PDx) | Date | January 27, 2025 |
|---|---|---|---|
| Title | Teri Weiser v. Staples the Office Superstore et al | | |

Plaintiff contends that defendants intentionally and knowingly failed to reimburse and indemnify her and other class members for required business expenses incurred by her and other class members in discharging their duties for defendants. Id. ¶ 23. For example, plaintiff specifies that she and other employees were required to use their personal cellphones for defendants' benefit. Id. ¶ 24.

### III. LEGAL STANDARD

Remand may be ordered either for lack of subject matter jurisdiction or for any defect in removal procedure. See 28 U.S.C. § 1447(c). The Court strictly construes the removal statutes against removal jurisdiction, and jurisdiction must be rejected if there is any doubt as to the right of removal. See Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

CAFA gives federal courts jurisdiction over certain class actions if (1) "the class has more than 100 members"; (2) "the parties are minimally diverse"; and (3) "the amount in controversy exceeds $5 million." Dart Cherokee Basin Operating Co., LLC v. Owens, 574 U.S. 81, 84-85, (2014). There is no presumption against removal jurisdiction in CAFA cases; however, the defendant still bears the burden of establishing removal jurisdiction. Id. at 554. CAFA's "minimal diversity" requirement means that "a federal court may exercise jurisdiction over a class action if 'any member of a class of plaintiffs is a citizen of a State different from any defendant.'" Mississippi ex rel. Hood v. AU Optronics Corp., 571 U.S. 161, 165, (2014) (quoting 28 U.S.C. § 1332(d)(2)(A)). Where, as here, the amount in controversy is contested, and the plaintiff does not plead a specific amount in controversy, the defendant's evidentiary burden in opposing a motion to remand depends on whether plaintiff has mounted a facial or factual attack on defendant's jurisdictional allegations. Salter v. Quality Carriers, Inc., 974 F.3d 959, 964 (9th Cir. 2020). A facial attack "accepts the truth of the [defendant's] allegations but asserts that they are insufficient on their face to invoke federal jurisdiction," thus calling for the Court to "determine[] whether the allegations are sufficient as a legal matter to invoke the court's jurisdiction." Id. (quoting Leite v. Crane Co., 749 F.3d 1117, 1121 (9th Cir. 2014)). In contrast, a factual attack "contests the truth of [defendant's] factual allegations, usually by introducing evidence outside the pleadings." Id. "When a plaintiff mounts a factual attack, the burden is on the defendant to show, by a preponderance of the evidence, that the amount in controversy exceeds the $5 million jurisdictional threshold." Harris v. KM Indus., Inc., 980 F.3d 694, 699 (9th Cir. 2020).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:24-cv-09848-CAS(PDx) | Date | January 27, 2025 |
|---|---|---|---|
| Title | Teri Weiser v. Staples the Office Superstore et al | | |

Although a plaintiff may present evidence in support of a factual attack, they "need only challenge the truth of defendant's jurisdictional allegations by making a reasoned argument as to why any assumptions on which they are based are not supported by the evidence." Id. at 700.

Under the preponderance of the evidence standard, the removing party must "provide evidence establishing that it is more likely than not that the amount in controversy exceeds [the jurisdictional amount]." Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 404 (9th Cir. 1996) (internal quotation omitted). In determining whether the removing party has satisfied this burden, the district court may consider facts in the removal petition and "'summary-judgment-type evidence relevant to the amount in controversy at the time of removal.'" Singer v. State Farm Mut. Auto. Ins. Co., 116 F.3d 373, 377 (9th Cir.1997) (quoting Allen v. R & H Oil & Gas Co., 63 F.3d 1326, 1335–36 (5th Cir.1995)).

## IV. DISCUSSION

Plaintiff disputes that the amount in controversy in this case meets the CAFA $5,000,000 threshold. Mot. at 1. Plaintiff contends that defendants fail to offer any evidence supporting their claimed amount in controversy in their Notice of Removal, and that defendants only analyze plaintiff's causes of action for waiting time penalties and attorneys' fees to reach their conclusion. Id. Plaintiff argues that her assertion in her complaint that the amount in controversy in this case is less than $5,000,000 is presumed to be correct. Id.

If a plaintiff challenges a defendant's amount in controversy assertion in its notice of removal, plaintiff argues, the defendant is required to submit summary judgment style evidence to establish by a preponderance of the evidence that the amount in controversy exceeds the threshold. Id. at 3. Here, plaintiff argues, defendants' estimated amount in controversy is based only on the "unsupported assumption that every single one of the 5,000 class members are owed the maximum amount of waiting time penalties in the collective amount $6,300,000." Id. at 4. Plaintiff argues that "this assumption is predicated on unsupported violation rates, phantom shift lengths pulled from thin air, and even an unsubstantiated estimate of the putative class members …." Id. Plaintiff also claims that defendants' attorneys' fees estimate "should be ignored in its entirety." Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:24-cv-09848-CAS(PDx) | Date | January 27, 2025 |
|---|---|---|---|
| Title | Teri Weiser v. Staples the Office Superstore et al | | |

Plaintiff argues that defendants have access to the relevant payroll information and yet rely on unreasonable and baseless assumptions of the kind this Court has determined require remand.  Id.  Plaintiff quotes case law wherein the Court remanded because underlying assumptions about factors such as violation rates, number of class members, average shift length, or percent of full time versus part time class members were unsupported by evidence.  Id. at 5-7.  Plaintiff cites cases where she argues defendants "assumed erroneous violation rates that were unsupported by documents, leading this District to remand the cases to the state courts from which they came."  Id. at 7.  In each case, plaintiff argues, the Court rejected the calculations as unsupported and remanded the case to state court.  Id.  Plaintiff argues that the Southern District of California has held that if a defendant makes an assumption that is unreasonable on its face, without comparing it to an alternative assumption, a district court is permitted to reject that assumption and find that the defendant failed to meet its burden."  Id. at 8 (citing Benitez v. Hyatt Corp., No. 23-CV-1696 JLS (AHG), 2024 U.S. Dist. LEXIS 62505 at *15 (S.D. Cal. Mar. 21, 2024)).

Plaintiff argues that defendants rely on unreasonable assumptions for the conclusion in their Notice of Removal that there are more than 5,000 class members and that each is entitled to the maximum waiting time penalties.  Id. at 8.  Plaintiff contends that defendants "offer no justification for the number of class members, the average length of the shifts worked or [their] assumption that all of them are owed 30 days of waiting time penalties, further assuming that each of the approximate 5,000 former employees worked 3 hours for 30 consecutive days."  Id.  Without this kind of evidence, plaintiff argues, defendants are unable to carry their burden.  Id.  Plaintiff argues that though defendants claim that all class members worked three hours per day on average, they fail to explain why it is reasonable to assume that this should be applied to all 5,000 former employees, as they have not provided evidence of how many employees were full time versus part time employees nor evidence of average hours worked by class members and their average rate of pay.  Id. at 9-10.  Plaintiff cites additional case law to support the proposition that without "concrete evidence" to support an assumed 100% violation rate, defendant fails to meet their burden.  Id. at 10-11.

Plaintiff also argues that defendants claim attorneys' fees should be added to the amount in controversy, but fail to provide any figure for the Court to consider.  Id. at 11.  Plaintiff notes that in defendants' Notice of Removal they say only that fees "'can exceed six figures in a class action and are properly aggregated and considered for purposes of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                     'O'

| Case No. | 2:24-cv-09848-CAS(PDx) | Date | January 27, 2025 |
|---|---|---|---|
| Title | Teri Weiser v. Staples the Office Superstore et al | | |

determining the amount in controversy under CAFA.'" Id. at 11 (quoting Notice of Removal ¶ 14). Plaintiff argues that accordingly, defendants' contention that attorneys' fees should be counted should be disregarded. Id. Additionally, plaintiff argues, the Ninth Circuit has established that a defendant must provide evidence of the amount of attorneys' fees to be incurred before permitting their inclusion in the amount in controversy calculation. Id. at 12 (citing Fritsch v. Swift Transportation Co. of Arizona, LLC, 899 F.3d 785 (9th Cir. 2018)).

Finally, plaintiff argues that defendants fail to analyze any of its additional claims, and therefore fail to meet their burden thereon. Id. at 13. Plaintiff contends that if defendants offer additional analysis as to her other claims in opposition, she reserves the right to challenge any such assertions in reply. Id.

In opposition, defendants first argue that plaintiff applies the wrong standard for CAFA removal. Opp. at 2. Defendants argue that plaintiff is incorrect to say that her assertion that the amount in controversy is less than $5,000,000 is "'presumed correct'" in the context of removal pursuant to CAFA. Id. Defendants argue that this quoted text comes from 28 U.S.C. § 1446(c)(2) "which provides that this is the case except where, as here, 'the State practice … permits recovery of damages in excess of the amount demanded.'" Id. at 3 (citing 28 U.S.C. § 1446(c)(2)(A)(ii)). Defendants contend that pursuant to California law, "'plaintiff may secure relief different from or greater than that demanded in the complaint.'" Id. (quoting Damele v. Mack Trucks, Inc., 219 Cal. App. 3d 29, 39 (1990)). Defendants argue that the Ninth Circuit and Supreme Court have rejected putative class representatives' attempts to limit or waive class members' recovery in order to avoid exceeding the CAFA amount in controversy threshold. Id. Defendants argue that there is no antiremoval presumption in the context of CAFA. Id. Defendants contend that a notice of removal is not required to include evidence that the jurisdictional minimum is met, rather it needs only to include a plausible allegation that the minimum is satisfied. Id. at 4.

Defendants next argue that they are not required to present evidence of the violation rate when it is based upon plausible assumptions based on the allegations in the complaint. Id. at 4. Defendants argue that they are only required to show that it is more likely than not that the most plaintiff could reasonably recover is more than $5,000,000. Id. Defendants argue that a removing defendant is "'permitted to rely on "a chain of reasoning that includes assumptions."'" Id. at 5 (quoting Arias v. Residence Inn, 936

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL        'O'

| Case No. | 2:24-cv-09848-CAS(PDx) | Date | January 27, 2025 |
|---|---|---|---|
| Title | Teri Weiser v. Staples the Office Superstore et al | | |

F.3d 920, 925 (9th Cir. 2019) (quoting Ibarra v. Manheim Invs. Inc., 775 F.3d 1193, 1199 (9th Cir. 2015))). Defendants argue that the Ninth Circuit recently "rejected a district court's 'inappropriate demand for certitude from [defendant] over its assumptions used in calculating the amount in controversy.'" Id. (quoting Jauregui 28 F.4th at 993).

Defendants argue that the Ninth Circuit and this Court have found an assumed 100% violation rate and maximum thirty-day waiting time penalty reasonable. Id. at 6. Defendants contend that recently, in Jauregui, the Ninth Circuit determined that it was not unreasonable for the defendant to assume the maximum thirty-day penalty for each terminated employee in its amount in controversy calculation. Id. (citing 28 F.4th at 994). Defendants cite to this Court's recent decision in Brown v. W. First Aid & Safety, 24-cv-06238-CAS (PDx), 2024 U.S. Dist. LEXIS 232329 (C.D. Cal. Dec. 9, 2024), wherein the Court relied on Jauregui to find that an unsupported assumption of the maximum waiting time penalties could be reasonable without comprehensive supporting evidence. Id. at 6-7. Defendants cite other similar case law and argue that "a single labor violation at any time during the relevant period triggers the waiting time penalties, and it is reasonable to assume based on complaints alleging half a dozen or more separate types of claims that the maximum recovery could include one violation per former employee of any one of the many claims alleged." Id. at 7. The thirty-day penalty, defendants argue, is based on how much time has passed since the employee's last day of work without the employee being paid the wages allegedly owed, not on the number of days worked or number of violations as plaintiff claims. Id. at 8.

Defendants next contend that the authority on which plaintiff relies falls into one of four buckets making it inapposite. Id. Defendants argue that plaintiff cites cases which do not address waiting time penalty claims as part of the amount in controversy analysis, cases wherein defendant did not submit evidence of shift length or hourly wage rate, cases that are inconsistent with or decided before the Ninth Circuit's Jauregui decision, and cases that are inconsistent with and do not discuss the Jauregui ruling. Id. at 8-11.

Defendants argue that their "estimates of the number of former employees in the putative class, the average shift length, and the average hourly wage and their assumptions regarding the alleged violation rate are uniformly supported, reasonable, and conservative," and that their attorneys' fees estimate is as well. Id. at 13. Accordingly, they argue, they establish that at least $10,572, 975 is in controversy. Id. Defendants argue that through the declaration of Keith Hatzipetro, Senior Manager of Store Labor for

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:24-cv-09848-CAS(PDx) | Date | January 27, 2025 |
|---|---|---|---|
| Title | Teri Weiser v. Staples the Office Superstore et al | | |

Staples, they establish that there are 6,713 hourly, non-exempt employees in California whose employment terminated during the relevant period. Id. at 13-14 (citing dkt. 23-1 ("Hatzipetro Declaration")). The declaration also establishes, they argue, that the average shift length for putative class members was more than three hours and that the hourly wage was $14 per hour. Id. at 14. Defendants argue that courts often find this kind of declaration sufficient. Id.

Defendants argue that their assumption of the maximum thirty-day penalty for all former employees is supported by the allegations in the Complaint, as plaintiff claims the maximum penalty for herself and for all former employees in the putative class. Id. at 15. Defendants argue that courts have "recognized that defendants may rely on plaintiff's demand for the maximum penalty in calculating the amount in controversy." Id. If this is insufficient, defendants argue, plaintiff alleges that defendants had a pattern and practice of failing to pay correct wages and vacation time and as a result owe waiting time penalties. Id. at 15-16. Defendants argue that plaintiff "therefore alleges a practice of failing to pay all wages when employment terminates, warranting application of the maximum 30-day penalty for all former employees." Id. at 16. Defendants argue that plaintiff's waiting time claim is derivative of her failure to pay and record overtime claims, as well as her meal and rest break claims and sick pay wages claim, which are brought on behalf of a putative class including all former employees during the class period. Id. Accordingly, defendants argue, "it is reasonable to assume that [p]laintiff's maximum recovery would include the required 'single violation per employee' of any of the alleged claims during the lengthy class period." Id. Defendants reiterate their argument that plaintiff's contrary authority is either "irrelevant or inapposite." Id. at 17.

Defendants argue that their estimate that at least $2,114,595 in attorneys' fees is in controversy is reasonable. Id. at 17. Defendants contend that plaintiff does not and cannot contest that attorneys' fees are permitted pursuant to California law for her claims and therefore properly included in the amount in controversy calculation. Id. Defendants argue that plaintiff is wrong to rely on Fritsch for the proposition that defendants are required to submit evidence in support of the amount of attorneys' fees and that there is no per se rule that 25% of estimated recovery is a reasonable attorneys' fee. Id. Defendants argue that the Supreme Court has rejected the notion that this evidence must be provided in a Notice of Removal, rather it can be provided with a defendant's opposition. Id. Defendants argue that the Ninth Circuit has established that a defendant need only provide evidence that a plaintiff's attorney sought a certain percentage of the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:24-cv-09848-CAS(PDx) | Date | January 27, 2025 |
|---|---|---|---|
| Title | Teri Weiser v. Staples the Office Superstore et al | | |

recovery as their fee in a similar case, making it reasonable that they would seek such a fee here, and that plaintiff's counsel has previously requested 33% in prior cases, making a 25% estimate reasonable. Id. at 18.

Defendants argue that plaintiff has placed at least $10,572,975 in controversy "based on conservative and reasonable estimates." Id. Defendants contend that plaintiff's waiting time penalties claim puts at least $8,458,380 in controversy because it is calculated as a daily figure and multiplied by the number of days the employee was not paid, for a maximum of 30 days. Id. at 18-19. Defendants argue that 6,713 employees in California who ended their employment during the relevant period worked shifts averaging more than three hours, and earned $14 per hour, thus the proper calculation is "6,713 former employees x ($14/hour x 3 hours x 30 days)" for a total of $8,458,380 in controversy. Id. at 19. Defendants argue that plaintiff's possible recovery of attorneys' fees is $2,114,595, which is 25% of $8,458,380. Id. Defendants argue they have exceeded the required showing and have established by a preponderance of the evidence that the amount in controversy requirement pursuant to CAFA is satisfied. Id.

In reply, plaintiff argues that defendants failed in their opposition to put forth the summary judgment style evidence needed to establish that the amount in controversy exceeds $5,000,000. Reply at 1. Plaintiff contends that "[d]efendants' Opposition still suffers from committing the well-recognized error of assuming unsupported violation rates despite the presence of [p]laintiff's carefully crafted allegations that do nothing to support such assumptions." Id. Plaintiff argues that the Hatzipetro Declaration is insufficient to establish that federal jurisdiction is proper, specifically because it does not provide any information to support defendants' "erroneous violation rate assumptions." Id. Plaintiff argues that defendants' fail to support their assumption that every class member is owed the maximum amount of waiting time penalties, as they fail to establish the violation rate. Id. at 2.

Plaintiff argues that defendants are attempting to shift the burden of proof, when they actually fail to provide sufficient evidence to meet their burden. Id. at 2-3. Defendants' lone assumption of the maximum waiting time penalty for all employees to support its amount in controversy assertion must fail, plaintiff argues, because it is unsupported by evidence. Id. at 3. Plaintiff argues that "despite having all pertinent information in their possession, nothing proffered by [d]efendants support their assumption that every single one of the former employee class members worked eight

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL  'O'

| Case No. | 2:24-cv-09848-CAS(PDx) | Date | January 27, 2025 |
|---|---|---|---|
| Title | Teri Weiser v. Staples the Office Superstore et al | | |

hours for 30 consecutive days and are owed the maximum waiting time penalties," an assumption of the kind plaintiff argues this Court has previously rejected. Id. (emphasis omitted). Plaintiff argues that the Court should assign a $0 valuation to the waiting time claim based on Benitez v. Hyatt Corp, 2024 U.S. Dist. LEXIS 62505 at *15, which concluded that when a defendant makes an unreasonable assumption without referring to a superior alternative, a district court can reject that assumption and conclude that defendant failed to meet its burden. Id. at 7. Plaintiff argues that because defendants failed to substantiate their assumed violation rates, the attorneys' fees calculation based on those underlying calculations must also be disregarded. Id.

Plaintiff argues that defendants ignore their burden in opposing her motion to remand, which is higher than their burden at the removal stage. Id. at 8. Plaintiff contends that defendants "have not overcome the 'strong presumption' that the amount in controversy is insufficient to confer federal jurisdiction." Id. (quoting Henson v. Billing Concepts, Inc., 2009 U.S. Dist. LEXIS 133765, at *5 (C.D. Cal. March 23, 2019)). Plaintiff takes issue with defendants' cited authority, arguing that in Lewis v. Verizon Communs., Inc., plaintiff did not suggest that the recovery would be less than $5,000,000, whereas here plaintiff did claim that the recovery would be so limited in its pleading. Id. (citing 627 F.3d 395, 298 (9th Cir. 2010)). Pursuant to Dart Cherokee, plaintiff argues, her assertion that the amount in controversy is less than $5,000,000 is presumed correct. Id. Plaintiff contends that where there is no evidence on either side of the question, the Court should find against federal jurisdiction. Id. at 9.

The Court concludes that remand is inappropriate in this case. In their Notice of Removal, defendants assert that the Eighth cause of action, for failure to provide wages due at termination in violation of California Labor Code §§ 201, 202, and 203 is alone sufficient to establish that the amount in controversy threshold is exceeded. Notice of Removal at 8. Though plaintiff is correct that defendants did not provide comprehensive evidence to support their assumed 100% violation rate and maximum thirty-day waiting time penalty for every class member, the Ninth Circuit has made clear that defendants were not required to do so. In Jauregui v. Roadrunner Transportation Services, Inc., the Ninth Circuit specifically deemed reasonable the assumption that all class members suffered the maximum thirty-day waiting time penalty. 28 F.4th at 994. The Ninth Circuit concluded that the district court had been wrong to "reject[] [defendant]'s assumption that each terminated employee would have been entitled to the maximum 30-day waiting time penalty because [defendant] 'provide[d] no evidence' supporting that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:24-cv-09848-CAS(PDx) | Date | January 27, 2025 |
|---|---|---|---|
| Title | Teri Weiser v. Staples the Office Superstore et al | | |

fact.'" Id. at 993-94. Rather, the Court concluded, it was reasonable for defendant "to assume that the vast majority (if not all) of the alleged violations over the *four years* at issue in this case would have happened more than 30 days before the suit was filed, which would entitle the employees to the 30-day penalty." Id. at 994.

Here, defendants properly made this assumption and provided the necessary evidence through the Hazipetro Declaration to support the calculations. Class members who suffered a violation are entitled to continuing wages at the same rate as a penalty until they are paid what they are owed, for up to thirty days. Cal. Labor Code § 203. In order to calculate the amount owed, defendants established the number of hourly, non-exempt employees in California during the period, that the average shift length exceeded three hours, and that the average non-overtime rate of pay was more than $14 per hour. Based on the assumptions the Ninth Circuit held a defendant may make when establishing the amount in controversy for a final wage waiting time claim, these were the only additional data points necessary to establish that the amount in controversy exceeds $5,000,000. The Court finds that plaintiff fails to engage with this binding Ninth Circuit precedent or to attempt to convince the Court that it for some reason should not apply. Therefore, the Court concludes that defendants have made proper assumptions and have established that the amount in controversy exceeds the jurisdictional threshold.

Plaintiff also argues that pursuant to Dart Cherokee, her assertion of the amount in controversy in her complaint, wherein she claimed that "[t]he amount in controversy for the aggregate claim of CALIFORNIA CLASS Members is under five million dollars ($5,000,000)," is "presumed to be correct." Compl. ¶ 7; Mot. at 1. The Court concludes that defendants are right that though the Supreme Court in Dart Cherokee held that "[i]f the plaintiff's complaint, filed in state court, demands relief of a stated sum, that sum, if asserted in good faith, is 'deemed to be the amount in controversy,'" the Court thereafter cited to 28 U.S.C. § 1446(c)(2). Dart Cherokee, 574 U.S. at 84. That section, governing removal procedure, provides an exception to the presumption when "the State practice … permits recovery of damages in excess of the amount demanded …." 28 U.S.C. § 1446(c)(2)(A)(ii). As defendants point out, California law permits plaintiffs to recover an amount greater than what was demanded in the complaint. See e.g., Damele v. Mack Trucks, Inc., 219 Cal. App. 3d 29, 39 (1990). Accordingly, the Court concludes that the presumption does not apply in this case.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:24-cv-09848-CAS(PDx) | Date | January 27, 2025 |
|---|---|---|---|
| Title | Teri Weiser v. Staples the Office Superstore et al | | |

Given the propriety of the assumptions defendants make with regard to the final wage claim, the Court concludes that the amount in controversy threshold is surpassed without consideration of a possible attorneys' fees award. Accordingly, the Court declines to reach the issue of attorneys' fees. The Court does conclude that the three prior requests for attorneys' fees filed by plaintiff's counsel's firm are the proper subjects of judicial notice and takes judicial notice thereof. RJN, Exh. 4-6. Pursuant to Federal Rule of Evidence 201, the Court may properly notice that these requests for 33% of the fund as an attorneys' fee award were made by plaintiff's counsel's firm. FED. R. EVID. 201; RJN, Exh. 4-6. Given that the Court has already found that the CAFA jurisdictional threshold is met, the Court does not analyze further the arguments about the amount put in controversy by the possible recovery of attorneys' fees in this case.

**V.    CONCLUSION**

In accordance with the foregoing, the Court **DENIES** plaintiff's motion to remand the case to Los Angeles Superior Court.

IT IS SO ORDERED.

|  | 00 : 05 |
|---|---|
| Initials of Preparer | CMJ |